IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD P. MCDANIEL, | No. C 11-0555 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL; DENYING MOTION FOR RESTRAINING ORDER** |
| vs. | |
| RANDY GROUNDS; DAN CARNAZZO; P. MULLEN; D. BACIGALUPO; L. GOBBS; D. FOSTON; R. WHITE; C. ADAMS; C. NOLL; W. WIOLSON; N. GRANNIS; P.G. DENNIS; A. GOMEZ; McCALL; | |
| | (Docket No. 2) |
| Defendants. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

A.  **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   LEGAL CLAIMS**

Plaintiff is an inmate at Avenal State Prison. He alleges that since 2007 he has had an ongoing criminal matter Monterey County Superior Court. When he has a court appearance, prison officials transfer him from Avenal to the California Training Facility ("CTF"), which is a lower-security institution in Monterey County. As plaintiff is a higher-security inmate than those normally housed at CTF, defendants, who are CTF and other state prison officials, keep him in administrative segregation while he is there. Plaintiff alleges that keeping him in administrative segregation while he is at CTF constitutes cruel and unusual punishment, in violation of the Eighth Amendment. He seeks an injunction ordering prison officials not to send him to CTF anymore, but instead to provide him with special transportation from Avenal to and from Monterey County Superior Court.

Being housed in administrative segregation does not constitute cruel and unusual punishment in violation of the Eighth Amendment. "[T]he transfer of an inmate to less

2

amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *cf. Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997) (contemporary standards of decency are not violated by classification programs which pursue "important and laudable" goals and are instituted under the state's authority to operate correctional facilities).  Even an indeterminate sentence in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Anderson v. County of Kern*, 45 F.3d 1310, 1315-16 (9th Cir. 1995) (no contact with any other inmate in administrative segregation, either for exercise, day room access or otherwise not cruel and unusual punishment); *Toussaint v. Yockey*, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to state 8th Amendment claim).  Consequently, plaintiff's allegations that his is housed in administrative segregation at CTF, even when liberally construed, fails to state a cognizable claim for the violation of his Eighth Amendment rights.

        Plaintiff also does not have a constitutional right to avoid being transferred to CTF because prisoners have no constitutional right to incarceration in a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983).  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions without offending the Constitution.  *Rizzo v. Dawson,* 778 F.2d 527, 530 (9th Cir. 1985).  A non-consensual transfer does not violate either due process or equal protection, *see Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Stinson v. Nelson*, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *see also Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison).  Consequently, plaintiff has failed to state a cognizable claim for relief based upon his transfer from Avenal to CTF.

//

**CONCLUSION**

For the reasons set out above, This case is **DISMISSED** for failure to state a cognizable claim for relief.  The motion for a temporary restraining order (docket number 2) is **DENIED.**

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: March __24__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\MCDANIEL0555.DSM.wpd

4